**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| Mariann F. Adams, | : | Case No. 4:23-01228–MJC |
| | : | |
| Debtor. | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY**

**AND NOW, WHEREAS:**

1.  On October 31, 2022, the debtor Mariann Adams ("Debtor") filed a voluntary Chapter 13 bankruptcy petition.[1] *See* Dkt. # 1.

2.  On July 6, 2023, creditor Donna Deitrick ("Ms. Deitrick") moved to lift the automatic stay ("Motion for Relief") in order to pursue an action initiated in the Pennsylvania Court of Common Pleas, Northumberland County ("State Court Action") asserting claims under the Pennsylvania Uniform Voidable Transfers Act ("PUVTA"), 12 Pa.C.S.A. §5101, *et seq.*, with respect to Debtor's residence located in Dornsife, Pennsylvania. *See* Dkt. # 50.

3.  No complaint has been filed in the State Court Action.[2]

4.  Debtor objected to the Motion for Relief on several grounds, including Ms. Deitrick's lack of standing to pursue the State Court Action, failure to state a colorable claim, and judicial economy.[3] *See* Answer, Dkt. # 57.

---

[1] Debtor initially filed the case jointly with her spouse Jeffrey Adams. However, Debtors moved to sever the joint case when creditor Donna Deitrick raised the issue of the joint debtors being over the debt limit under 11 U.S.C. § 109(e). The case was severed on June 2, 2023. *See* Dkt. # 38.
[2] As of the petition date, it appears that a Writ of Summons had been issued and service had been accepted on behalf of Debtor in the State Court Action. *See* Motion for Relief, Exhibits 5 - 7. Debtor has disputed whether service had been properly made. *See* Answer at ¶ 18, Dkt. # 57.
[3] Debtor asserted that it makes more sense for Ms. Deitrick to bring any fraudulent transfer claims in this Court. While that is true enough, fraudulent transfer claims brought in the Bankruptcy Court may implicate *Stern* issues, s*ee Stern v. Marshall*, 564 U.S. 462 (2011), where the Bankruptcy Court would be

1

5. 11 U.S.C. §362(d) provides in material part: "On request of a party in interest and after notice and hearing, the court shall grant relief from the stay … (1) for cause…."

6. In granting stay relief to an unsecured creditor, the Court "balances the competing interests of the parties – balancing the harms to determine whether the hardship to the [movant] caused by the continuance of the stay outweighs the hardship to the debtor caused by stay modification." *In re Mager*, 614 B.R. 504, 509 (Bankr. E.D. Pa. 2020); *accord In re Chatkin*, 465 B.R. 54, 60 (Bankr. W.D. Pa. 2012); *In re Chan*, 355 B.R. 494, 498 (Bankr. E.D. Pa. 2006); *In re Todd Shipyards Corp.*, 92 B.R. 600, 602 (Bankr. D.N.J. 1988).

7. In a Chapter 13 case, the Bankruptcy Code grants almost exclusive standing to bring avoidance actions in the Chapter 13 Trustee.[4] *See* §§544(a), (b); *In re Hansen*, 332 B.R. 8, 16 (B.A.P. 10th Cir. 2005); *In re Rothenbush*, 2017 WL 933019, at *1 (Bankr. M.D. Fla. 2017); *In re Rosenblum*, 545 B.R. 846, 856 (Bankr. E.D. Pa. 2016).

8. Alternatively, a number of courts have granted derivative standing to pursue these actions to other parties in interest where: "(i) the movant has alleged a colorable claim that would benefit the estate (ii) the trustee has unjustifiably refused to pursue the claim itself; and (iii) the movant has obtained permission from the bankruptcy court to initiate the action on behalf of the estate." *Rosenblum*, 545 B.R. 846, 863 (citing *In re Stewart*, 473 B.R. 612, 637 (Bankr. W.D. Pa. 2012)); *accord Rothenbush*, 2017 WL 933019, at *3.

---

required to submit proposed findings of fact and conclusions of law to the District Court that would then be reviewed *de novo*, *see Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 38 (2014).
[4] In limited circumstances, a debtor may pursue involuntary transfers involving exempt property. *See* §522(h).

9.    Based on the forgoing, the Court finds that Ms. Deitrick has not sought derivative standing through customary motion practice, nor has she sought the concurrence of the Chapter 13 Trustee to assert these claims.

10.   The Court therefore, concludes that Ms. Deitrick has no standing to pursue the proposed PUVTA claims in the State Court Action.

11.   Consequently, Ms. Deitrick's Motion for Relief will be denied without prejudice.


Accordingly, it is hereby **ORDERED** that the Motion for Relief from Automatic Stay, Dkt. # 50, is **DENIED** without prejudice.


By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: September 8, 2023